

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 12, 1972

Honorable Preston Smith
Governor of Texas
State Capitol Building
Executive Department
Austin, Texas   78711

Opinion No. M- 1278

Re: Several questions relating
to a proposed contract
whereby the Texoma Regional
Planning Commission will
assume operational control
of the Grayson County Airport.

Dear Governor Smith:

Your request for an opinion asks the following questions:

"1.   Can the Texoma Regional Planning Com-
mission legally deposit and expend funds belong-
ing to the Grayson County Airport without going
through the Grayson County Treasurer's Office?

"2.   Can the Executive Director of the
Texoma Regional Planning Commission sign and
approve checks and warrants instead of the
County Treasurer and the County Auditor (where
he is authorized to do so on behalf of the
Regional Planning Commission)?

"3.   What would be the responsibility of
the County Auditor as to audit of these funds
if received and expended as set out in such a
contract?"

Attached to your request is a proposed contract between
the Commissioners Court of Grayson County and the Texoma Regional
Planning Commission whereby the Texoma Regional Planning Commission
assumes operational control of the Grayson County Airport.   Your
questions arise by virtue of the following provisions in the con-
tract:

"As a condition of the contract a separate
account shall be established at the bank desig-
nated as the official Grayson County depository.
This account shall be designated 'Grayson County
Airport Fund-Special Bank Account.'   All receipts
from airport operations shall be placed in this

-6276-

fund.   All authorized expenditures shall be made
from this fund.   All checks drawn on this account
shall be signed by the Executive Director of the
Texoma Regional Planning Commission and the
County Clerk of Grayson County or his Deputy.
The total expenditures to be made by the Texoma
Regional Planning Commission and the Airport
Manager shall be determined by a budget sub-
mitted for approval to the Commissioners' Court
of Grayson County on or before the first day of
(August) of each calendar year.   Said Texoma
Regional Planning Commission shall be charged
with the duty of accounting for all receipts
and expenditures in regard to the operation of
said airport."

The Texoma Regional Planning Commission was organized
pursuant to the provisions of Article 1011m, Vernon's Civil Statutes,
and such regional planning commission constitutes a political sub-
division of this State.   Art. 1011m, Sec. 4, Subsec. (a); also
Atty. Gen. Opin. No. M-1259 (1972).   It is assumed that the funds in
question are receipts from airport operations and are not regular
county tax monies.

Under the provisions of Article 4413(32c), Vernon's Civil
Statutes (Interlocal Cooperation Act), the county and the regional
planning commission may enter into contracts for any governmental
function or service which the governmental unit is authorized to
perform.   Subdivisions (b) and (d) of Section 4 of Article 4413
(32c) provide:

"(b)   The agreements or contracts may be
for the purpose of studying the feasibility of
contractual performance of any governmental
functions or services or may be for the per-
formance of any governmental functions or
services which all parties to the contract are
legally authorized to perform, provided such
contracts or agreements shall be duly authorized
by the governing body of each party to the con-
tract or agreement.   An interlocal contract or
agreement shall state the purpose, terms, rights,
objectives, duties, and responsibilities of the
contracting parties.   Interlocal contracts and
agreements may be renewed annually and shall

specify that the party or parties paying for the performance of governmental functions or services shall make payments therefor from current revenues available to the paying party.

"...

"(d)  The contracting parties to any interlocal contract or agreement shall have full authority to create an administrative agency or designate an existing political subdivision for the supervision of performance of an interlocal contract or agreement and any administrative agency so created or political subdivision so designated shall have the authority to employ personnel and engage in other administrative activities and provide other administrative services necessary to execute the terms of any interlocal contract or agreement."

Pursuant to the provisions of Article 4413(32c), it is our opinion that the Commissioners Court of Grayson County and the Texoma Regional Planning Commission have the authority to enter into the proposed contract attached to your request, and pursuant thereto, the Texoma Regional Planning Commission has the authority to assume the operational control of the Grayson County Airport.

Assuming that the Commissioners Court of Grayson County and the Texoma Regional Planning Commission enter into the proposed contract attached to your request, or a contract containing similar provisions, your questions are answered as follows:

(1)  The Texoma Regional Planning Commission may legally deposit and expend funds belonging to the Grayson County Airport without going through the Grayson County Treasurer's Office.

(2)  The Executive Director of the Texoma Regional Planning Commission has the authority to sign and approve all checks for the expenditure of funds for the operation of the Grayson County Airport.

(3)  The County Auditor will have no responsibility regarding the auditing of the special bank account created pursuant

to the proposed contract; such responsibility rests with the Regional Planning Commission.

## S U M M A R Y

Pursuant to the provisions of Article 4413(32c), Vernon's Civil Statutes, a county and a regional planning commission have the authority to enter into contracts whereby the regional planning commission will assume operational control of a county airport. In such event the regional planning commission has the authority to create a special bank account and may expend funds from such account for the operation of the airport and such funds are not subject to audit by the county auditor, but such responsibility rests with the regional planning commission.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Bill Allen, Chairman
Bob Davis
Jim Broadhurst
Lynn Taylor
Jerry Roberts

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant